UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ELIEL NTAKIRUTIMANA, *et al*, | § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 5:09-cv-114 |
| CHS/COMMUNITY HEALTH SYSTEMS, INC., *et al*, | § § § § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANTS' MOTION TO STAY

On March 9, 2010, Abraham "Abe" Martinez and Argelia Martinez filed a Motion to Stay Proceedings and For Protective Order. [Dkt. No. 22]. On April 08, 2010, the remaining defendants[1] joined in the Motion to Stay and For Protective Order. [Dkt. No. 29]. Defendants requested a stay of at least six months to allow the state to conclude a purported criminal investigation allegedly arising from the same actions that provide the basis for Plaintiffs' claims. [Dkt. No. 22]. For the reasons stated below, the Motion to Stay is DENIED.

## I. BACKGROUND

This case arises from alleged corrupt and unlawful racketeering activities that harmed Eliel Ntakirutimana, M.D. ("Dr. Ntaki"), Jose Berlioz, M.D. ("Dr. Berlioz"), and their respective businesses, Anesthesia Healthcare Partners of Laredo, P.A. ("AHP"), and Jose Berlioz M.D., P.A. ("Safari Pediatrics") (collectively "Plaintiffs"). [Dkt. No. 9 at ¶¶ 1-5]. Dr. Ntaki alleges that the Abe Martinez, LMC, and CHS Defendants withheld subsidies that were owed to AHP in

---

[1] The defendants in this case include: (1) CHS/Community Health Systems, Inc. ("CHS"), (2) Community Health Systems Professional Services Corporation ("CHS Professional Services"), (3) Webb Hospital Corporation, (4) Laredo Texas Hospital Company, L.P., d/b/a Laredo Medical Center ("LMC"), (5) Abraham "Abe" Martinez, (6) Argelia "Argie" Martinez, (7) Timothy P. Adams ("Adams"), and (8) Michael T. Portacci ("Portacci"). The Court will refer to defendants (1)-(3) as "CHS Defendants," and the defendants collectively as "Defendants."

order to extort money from Dr. Ntaki and secure a more favorable contract for the hospital. [*Id*. at ¶¶ 49, 53-64]. Dr. Berlioz was allegedly threatened with termination of Safari Pediatrics' contract if he did not agree to a reduction in his stipend, but despite Dr. Berlioz's compliance he was then subjected to Abe Martinez' extortion attempts. [*Id*. at ¶¶ 116-123]. Plaintiffs further allege that once CHS, LMC, and their agents were informed of Martinez' actions, they proceeded to cover up the wrongdoing and took various retaliatory actions against Dr. Ntaki. [*Id*. at 83-109]. According to Plaintiffs, Dr. Berlioz also faced retaliation when he refused to comply with Martinez' extortion attempts and reported Martinez. [*Id.* at ¶ 126-131].

## II. DISCUSSION:

### A. Legal Standard:

"There is no general federal constitutional, statutory, or common law rule" prohibiting simultaneous, parallel civil and criminal actions brought "by different federal agencies against the same defendant involving the same transactions." *SEC v. First Fin. Group of Texas, Inc*., 659 F.2d 660, 666-667 (5th Cir. 1981). If there is no prohibition against simultaneous proceedings when the government is a party to both actions, there is certainly no general prohibition in the present case where the government is not a party to the civil action. Yet in its discretion the Court may stay the action if justice so requires. *See*, *U.S. v. Kordel*, 397 U.S. 1, 12 n.27 (1970). The Court is mindful of the Fifth Circuit's instructions regarding discretionary stays: "[j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

On March 9, 2010, this Court directed the parties to *Alcala*, a recent case where the Court handled a Motion to Stay in a similar situation. [Dkt. No. 24]. *See, Alcala v. Texas Webb*

*County*, 625 F. Supp. 2d 391 (2009). Accordingly, this Court will employ the standard articulated in *Alcala* to determine whether a stay is appropriate in the present case.

In a civil case "there is a strong presumption in favor of discovery, and it is the party who moves for a stay that bears the burden of overcoming this presumption." *Id*. at 397-98. "A district court should stay the civil case only upon a showing of 'special circumstances,' so as to prevent the defendant from suffering substantial and irreparable prejudice." *Id*. at 398. Therefore, it is incumbent upon the Defendants to *overcome the presumption* that this case should proceed without a stay. This Court considers or weighs six factors when determining whether to stay a case:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. . . . Although not usually considered by district courts in the Fifth Circuit, another important factor . . . involves balancing the interests of persons not parties to the civil litigation. . . . [T]he Court believes that . . . the overlap between the civil and criminal cases and the status of the criminal case— are not *independent* factors for the Court to consider. Rather, they are factors important in determining how the interests of the parties, the Court, third parties, and the public will be weighed against each other. In other words, because factors like overlap and the status of the criminal case may substantially impact the interests of the parties, the Court, third parties, and the public, these two factors should be analyzed within the framework of those interests.

*Id*. at 398-400 (string cite omitted). The Court will apply the *Alcala* factors to the facts in this case.

**B. Analysis:**

After weighing the above considerations and applying them to the facts at hand, this Court determines that justice does not require a stay in this case.

**1. The Defendants' Interest:**

All Defendants have moved for a stay. [Dkt. Nos. 22 & 29]. In evaluating Defendants' interests, the court focuses on the overlap between the civil and criminal cases and the status of the criminal case. *Id*. at 400. "The risk of self-incrimination is more likely if there is significant overlap between the issues in the civil and criminal cases." *Morrow v. City of Tenaha Deputy City Marshal Barry Washington*, 2010 WL 3057255, at *3. The court notes that self incrimination is primarily a concern of the individual defendants.[2] But the glaring reality in the present situation is that there is no criminal case. There is no indictment.[3] Without an indictment analysis of overlap is speculative. *See*, *Alcala*, 625 F. Supp. 2d at 401. After reviewing the record, the Court is not convinced that criminal charges are forthcoming. The strongest evidence of an ongoing criminal investigation is Mr. Hildreth's affidavit discussing a January 16, 2009, meeting with law enforcement officers. [Dkt. No. 30, Attach. 1]. In addition to Hildreth's affidavit, the Defendants only provide letters written by defense counsel which reference a purported investigation. This largely self-serving evidence is insufficient to convince the Court that a criminal prosecution is imminent. Since the burden is on the Defendants to overcome the presumption against the stay, and they have not even convinced the court that there is an ongoing criminal investigation, Defendants have not proven that their interests will be harmed by proceeding with this case. Additionally, any concern that the government may use the more expansive discovery of civil litigation to aid in building its criminal case is mitigated by the reality that the government is not a party in the civil case. *Alcala*, 625 F. Supp. 2d at 402. Therefore this factor weighs against granting a stay.

---

[2] [W]e have long recognized that, for purposes of the Fifth Amendment, corporations and other collective entities are treated differently from individuals. *Braswell v. U.S.*, 487 U.S. 99, 104, 108 (1988).

[3] The lack of an indictment *alone* may be enough to deny a stay. *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 401 (2009).

**2. The Plaintiffs' Interest:**

The Defendants' failure to prove overlap between the civil case and criminal case also factors into the Plaintiffs' interest. Since the Plaintiffs are not parties to the criminal case, they may be prejudiced by their inability to preserve their interests if they are forced to wait until the conclusion of potential criminal proceedings. *See*, *Id*. at 404.

The Court is also concerned with the preservation of evidence. The events in question allegedly began five years ago. All discovery has been stayed since April 22, 2010. [Dkt. No. 32]. "With the passage of time, witnesses become unavailable, memories of conversations and dates fade, and documents can be lost or destroyed." *Id*. at 405. The Plaintiffs have a strong interest in presenting their case while they are still able to acquire reliable evidence.

**3. The Public's and Third-Parties' Interests:**

The Court is also concerned with the interests of the public and third parties. This case has been widely reported in the media and concerns the integrity of a major healthcare provider in the city of Laredo. Whether the defendants are vindicated or this action uncovers problems that must be corrected, a prompt resolution should serve to benefit the public by providing them with the information they need to make informed healthcare decisions. *Id*. at 407, *Morrow v. City of Tenaha Deputy City Marshal Barry Washington*, 2010 WL 3057255, *5.

Additionally, third parties may benefit from a punctual decision if they have also been victims of the alleged extortion and retaliation. The interests of the public and third parties weigh against granting a stay. *Alcala*, 625 F. Supp. 2d at 407.

**4. The Court's Interest**

The Court has an interest in managing its docket in an efficient and punctual manner. *Id*. Sometimes a criminal proceeding "streamlines" aspects of a civil case. *Id.* at 406. Once again

the Defendants' inability to demonstrate that there is a criminal investigation weakens their stay argument. For the Court to find that a criminal case would "streamline" the present civil case would require the Court to engage in pure conjecture. First, it calls for an assumption that there will be a criminal prosecution. Second, it necessitates guesswork as to the scope of that proceeding. Third, it requires speculation that those currently unknown issues would be resolved in a way that would "streamline" this civil case. The Court is unwilling to go down that road. The Court will not benefit from further delaying the case at this time. The Court's interest weighs against granting the stay.

### III. CONCLUSION:

Based on the above analysis, this court determines that a stay would not be in the interest of justice. Therefore the Motion To Stay is DENIED. Additionally, the stay of discovery is lifted. [Dkt. No. 32].

IT IS SO ORDERED

DONE this 27th day of September, 2010, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE